**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Civil Action Number:**

JESUS GONZALEZ

      Plaintiff,
vs.

HOLIDAY CVS, L.L.C.
d/b/a CVS PHARMACY #564 at 2500 SW 22nd Street, and
RAJEN PROPERTIES, LLC

      Defendants.

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Holiday CVS, L.L.C. doing business as CVS PHARMACY #564 located at 2500 SW 22 Street and Defendant Rajen Properties, LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

### JURISDICTION

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189.  This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2.      Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3.      Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

**PARTIES**

4.      Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff suffers from what constitutes a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5.      Defendant Holiday CVS, L.L.C. (also referenced as "Defendant CVS Pharmacy," "tenant," "operator," lessee" or "co-Defendant") is a foreign limited liability company registered in Florida. The managing partner to Defendant CVS Pharmacy is CVS Health, which is a Massachusetts based corporation. CVS Health is a publicly traded NASDAQ company on the S&P 100 and 500 components. In FY 2017, the Fortune 500 ranked CVS Health as the 7th largest U.S. corporation by revenue whereas Walgreens (its leading competitor) ranked 19th overall.

6.      Defendant Rajen Properties, LLC (also referenced as "Defendant Rajen Properties," "Lessor," "Owner," or "co-Defendant") is the owner of real property located at 2500 SW 22 Street, Miami Florida 33133, identified as Folio 01-4115-073-0050, which is a commercial property built out as a strip mall.

**FACTS**

7.      At all times material hereto, Defendant Rajen Properties has leased a portion of its commercial property to co-Defendant CVS Pharmacy (the lessee). The lessee in turn has operated its CVS pharmacy #564 at 2500 SW 22 Street within that leased space.

8.      CVS pharmacies sell prescription drugs, over-the-counter drugs, and general merchandise such as beauty products, cosmetics, film and photo finishing services, greeting cards, and convenience foods. Out of the over 9,900 CVS retail locations, CVS Pharmacy also provides healthcare services through more than 1,100 medical clinics. CVS pharmacies, including its 2500 SW 22nd Street location, are places of public accommodation pursuant to 42 U.S.C. §12181(7)(F) since they are all primarily pharmacies. The CVS pharmacy #564 which is the subject of this complaint is also referenced as a "pharmacy," or "place of public accommodation."

9.      At all times material hereto, Defendant CVS Pharmacy was (and is) a company owning and operating pharmacies under the "CVS pharmacy" brand which are open to the public. Each of the Defendant's pharmacies (including the CVS pharmacy #564 located at 2500 SW 22nd Street) is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(F) and 28 C.F.R. §36.104(6).

10.     As the operator of pharmacies which are open to the public, Defendant CVS Pharmacy is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a pharmacy; 42 U.S.C. §12182, §12181(7)(F); 28 C.F.R. §36.104(6).

11.     Due to the close proximity to Plaintiff's home to the CVS pharmacy located at 2500 SW 22nd Street, on April 24, 2021 Plaintiff went to that CVS pharmacy with the intent of purchasing sundry items.

12.     While Plaintiff was shopping at this particular CVS pharmacy #564, he encountered many barriers to access and met multiple areas of inaccessibility due to the fact that he perambulates with the assistance of a wheelchair.

13.     On arrival at the CVS pharmacy #564, Plaintiff had difficulty exiting his vehicle as the designated accessible parking spaces are located on an excessive slope, and had further difficulty perambulating into the pharmacy due to the uneven surface of the pavement and failure if Defendants to provide a curb ramp accessible to the accessible parking spaces.  Furthermore, when Plaintiff began shopping inside the facility and required use of the restroom, he encountered areas of inaccessibility within the restroom facilities. As such, Plaintiff has been denied full and equal access by the operator/lessee of the CVS pharmacy #564 (Defendant CVS Pharmacy) and by the owner/lessor of the commercial property which houses the pharmacy (Defendant Rajen Properties).

14.     Due to being denied full and equal access to CVS pharmacy #564, Plaintiff left the pharmacy feeling excluded, humiliated and dejected.

15.     By virtue of the fact that Defendant CVS Pharmacy is the owner and operator of the largest pharmacy chain in the United States[1], Defendant CVS Pharmacy is well aware of the ADA and the need to provide for equal access in all areas of its pharmacies. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its CVS pharmacy #564 is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

16.     As the owner of commercial real property which is operated as a pharmacy which is open to the public, Defendant Rajen Properties, LLC is also a "Public

---

[1] CVS Pharmacy - Wikipedia

Accommodation" pursuant to 42 U.S.C. §12181(7)(F) and 28 C.F.R. §36.104(6). On information and belief, as an investor and owner of a large commercial property being used as a public accommodation, Defendant Rajen Properties, LLC is aware of the ADA and the need to provide for equal access in all areas of its commercial properties which are open to the public.

17.     As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

18.     Plaintiff continues to desire to patronize the CVS pharmacy #564, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

19.     Any and all requisite notice has been provided.

20.     Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendant pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

21.     The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

22.     Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)     provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42  U.S.C. §12101(b)(1)(2) and (4).

23.     Prior to the filing of this lawsuit, Plaintiff personally visited CVS pharmacy #564, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met architectural barriers which impeded his independent access to the place of public accommodation. Therefore, Plaintiff has suffered an injury in fact.

24.     Defendant CVS Pharmacy (lessee/operator of the CVS pharmacy #564) and Defendant Rajen Properties (owner/lessor) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the pharmacy, in derogation of 42 U.S.C. §12101 *et. seq*., and as prohibited by 42 U.S.C. §12182 *et. seq*. by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

25.     Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the CVS pharmacy #564.

26.     Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

27.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

28.     The commercial space which is owned by Defendant Rajen Properties (owner/lessor) which houses the CVS pharmacy #564 is operated by Defendant CVS Pharmacy (tenant/lessee). This commercial space is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA and 28 C.F.R. §36.302 *et. seq.,* and both the owner/lessor and the tenant/lessee are discriminating against the Plaintiff as a result of <u>inter alia</u>, the following specific violations:

i.     As to Defendant CVS Pharmacy (lessee/operator) and Defendant Rajen Properties (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty exiting his vehicle, as the designated accessible parking spaces are located on an excessive slope. This is in violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards for Accessible Design.

ii.     As to Defendant CVS Pharmacy (lessee/operator) and Defendant Rajen Properties (owner/lessor of the property) (jointly and severally), failure to provide accessible means of egress from the parking to the pharmacy due to the uneven surface of the pavement at the designated access aisles.  This is a violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards for Accessible Design.

iii.   As to Defendant CVS Pharmacy (lessee/operator) and Defendant Rajen Properties (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty traveling between buildings as the sidewalk does not have a curb ramp on one side. This is a violation, as the sidewalk does not have a curb ramp where an accessible route crosses a curb; see Sections 4.3.8 and 4.7.1 of the ADAAG and Sections 403.4 and 406.1 of the 2010 ADA Standards for Accessible Design.

iv.   As to Defendant CVS Pharmacy (lessee/operator) and Defendant Rajen Properties (owner/lessor of the property) (jointly and severally), there are permanently designated interior spaces without proper signage. Specifically, signage in the bathroom. This is a violation of Sections 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards for Accessible Design, whose resolution is readily achievable.

v.   As to Defendant CVS Pharmacy (lessee/operator) and Defendant Rajen Properties (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes and water supply lines are not completely wrapped, which is in violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

vi.   As to Defendant CVS Pharmacy (lessee/operator), Plaintiff could not transfer to the toilet without assistance, as the required clear floor space was not provided due to an encroaching item (which was the trash/rubbish bin). The violation is that the trash/rubbish bin is encroaching over the accessible water closet clear floor space, in

violation of Section 4.16.2 of the ADAAG and Sections 604.3.1 of the 2010 ADA Standards for Accessible Design.

29.     Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the CVS pharmacy #564 commercial space accessible to persons with disabilities since January 28, 1992.  Defendants have jointly and severally failed to comply with this mandate.

30.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the pharmacy therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against the Defendant Rajen Properties, LLC (owner and lessor of the commercial property) and Defendant Holiday CVS, L.L.C. (lessee and operator of the CVS pharmacy #564) and requests the following relief:

a)     The Court declare that Defendants have violated the ADA;

b)     The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c)     The Court enter an Order requiring Defendants to alter the commercial property and the CVS pharmacy #564 such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d)     The Court award reasonable costs and attorneys fees; and

e)       The Court award any and all other relief that may be necessary and appropriate.

Dated this 11ᵗʰ day of May 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74ᵗʰ Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*

10